142 F.3d 444
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Yolanda MORALES-RODRIGUEZ Petitioner,
v.
Immigration and Naturalization Service, Respondent.
 No. 96-70607.
INS No. Avq-ckl-pyy.
 United States Court of Appeals,
Ninth Circuit.
 .
Submitted Nov. 6 1997**.
Decided April 14, 1998.
 
 Petition to Review a Decision of the Immigration and Naturalization Service.
 Before BROWNING, BRUNETTI, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 We affirm the Board of Immigration Appeals's decision dismissing petitioner Yolanda Morales-Rodriquez's appeal of the denial of both asylum and withholding of deportation, and deny the petition for review.
 
 
 3
 I. Asylum and Withholding of Deportation Claims
 
 A. Asylum Claim--Past Persecution
 
 4
 Morales-Rodriquez was required to demonstrate the objective fact of past persecution. Because the immigration judge ("IJ") found her credible, a finding adopted by the BIA, Morales-Rodriquez's assertions of fact are assumed accurate. Notwithstanding this, the IJ and BIA concluded Morales-Rodriquez did not connect the several incidents before and after the politically motivated office visit to the Revolutionary Armed Forces ("FARC"), or to one another. Without some connection to the FARC, even the shooting did not amount to persecution "on account of" a protected classification set out in 8 U.S.C. § 1101(a)(42)(A).
 
 
 5
 An inference connecting the four incidents, coming, as they did, in quick succession, would not be unreasonable. In such a case, their cumulative effect could serve as the basis for a claim of persecution. See Surita v. INS, 95 F.3d 814, 819 (9th Cir.1996) ("the cumulative effect of several incidents may constitute persecution"). However, the evidence set out by Morales-Rodriquez does not "compel[ ] the conclusion" that they were connected. See INS v. Elias-Zacarias, 502 U.S. 478, 483, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). The inference was therefore one for the BIA to accept or reject. Substantial evidence supports the BIA's determination that Morales-Rodriquez did not demonstrate past persecution.
 
 
 6
 B. Asylum Claim--Well-Founded Fear of Persecution
 
 
 7
 Morales-Rodriquez also failed to establish eligibility based on a well-founded fear of persecution. A well-founded fear has both a subjective and an objective component. See Prasad v. INS, 47 F.3d 336, 338 (9th Cir.1995). Petitioner's credible testimony that she genuinely feared persecution satisfies the subjective component. See Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993).
 
 
 8
 To satisfy the objective component, an alien must show "credible, direct, and specific evidence of facts supporting a reasonable fear of persecution." Prasad, 47 F.3d at 338 (quoting Shirazi-Parsa v. INS, 14 F.3d 1424, 1427 (9th Cir.1994)). In concluding Morales-Rodriquez could not show that an objectively reasonable person would fear persecution, the BIA considered the limited interest the FARC had in Morales-Rodriquez, even on her reading of the facts; her failure to claim asylum promptly; the lack of harm to her family since 1989; and evidence that Morales-Rodriquez had not reported the incidents to the authorities. Cumulatively, this constituted substantial evidence.
 
 C. Withholding of Deportation
 
 9
 Since Morales-Rodriquez did not meet the burden of proof to establish her asylum claim, she did not meet the higher, "clear probability" standard to establish her claim for withholding of deportation. See Ghaly v. INS, 58 F.3d 1425, 1428-29 (9th Cir.1995).
 
 II. Due Process Claims
 
 10
 A. Immigration Judge's Comments Regarding Columbia
 
 
 11
 A biased decision-maker violates due process, see Bracy v. Gramley, --- U.S. ----, ----, 117 S.Ct. 1793, 1797, 138 L.Ed.2d 97 (1997), but there is no evidence the IJ was biased. The IJ's comments were merely background statements and did not reflect prejudicial stereotypes. Morales-Rodriquez must show prejudice arising from a due process violation, see El Rescate Legal Services v. EOIR, 959 F.2d 742, 751 (9th Cir.1991), and there is no evidence the IJ's background knowledge affected his judgment of Morales-Rodriquez's claim, or even worked against rather than for her.
 
 B. Translation Errors
 
 12
 Problems of translation may undermine the fundamental fairness of a proceeding. However, the two translation errors Morales-Rodriquez asserts were not prejudicial. The first error, describing the title of the book given to her as the "Religion," versus the "Repression," of the Afro-Columbian slaves, did not prejudice Morales-Rodriquez since it was apparent the book was about communism.
 
 
 13
 Morales-Rodriquez was not prejudiced by the second asserted error in translation since the BIA's decision did not turn on the distinction between "shot at" and "ambushed," but on Morales-Rodriquez's failure to connect this incident to the FARC.
 
 C. Exclusion of Documents
 
 14
 Since both the IJ and BIA essentially conceded the defense ministry was Morales-Rodriquez's client, the excluded documents were duplicative, and their rejection did not affect the outcome of the proceedings.
 
 
 15
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir. R. 34-4 and Fed. R.App. P. 34(a)
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3